UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: CV 18-00177-DMG (RAOx)     Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS [41]**

On November 5, 2018, Defendant Dignity Health ("Defendant") filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 37(e) ("Motion"). (Dkt. No. 41.) Defendant contends that Plaintiff Evelina Gaina ("Plaintiff Evelina") spoliated text messages when she sold her old cell phone during the course of litigation. (*See id.* at 2.) After the matter was fully briefed, the Court held a hearing on the Motion. (*See* Dkt. No. 52.)

For the reasons set forth below, the Court finds that Rule 37(e)(1) sanctions in the form of reasonable attorney's fees and costs are warranted against Plaintiffs' counsel, Kirkland and Ellis LLP.

### I. BACKGROUND

On January 8, 2018, Plaintiff Evelina and Plaintiff Monica Gaina ("Plaintiff Monica")[1] filed a complaint alleging that on multiple occasions, they were denied reasonable access to sign language interpreters at a hospital operated by Defendant. (*See generally* Dkt. No. 1.)

Defendant served written discovery requests on July 10, 2018. (First Declaration of Elizabeth B. Stallard ("Stallard 1st Decl."), Dkt. No. 41-2 ¶ 3; *id.*, exh. A.[2]) One Request for Production sought "[a]ll text messages authored or received by [Evelina and/or any person acting on her behalf], for the dates January 9, 2016 through November 30, 2017." (Stallard 1st Decl. ¶

---

[1] On August 3, 2018, Plaintiff Evelina filed a motion for substitution of party due to Plaintiff Monica's death on March 26, 2018. (*See* Dkt. No. 22.)
[2] The declaration's exhibits were originally filed under seal. The exhibits were later refiled on the public docket. (Dkt. No. 44.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)      Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

3.) On August 20, 2018, Plaintiff Evelina asserted objections to this request and responded that she would provide responsive documents in her custody or control pursuant to a stipulated amendment and a protective order. (Stallard 1st Decl., exh. B.)

Defendant's counsel deposed Plaintiff Evelina on August 21, 2018. (Stallard 1st Decl. ¶ 5.)

On August 29 and 31, 2018, Plaintiff Evelina served her initial production of 561 pages of documents, which included several emails but no text messages. (Stallard 1st Decl. ¶ 7.) After counsel met and conferred, on September 21, 2018, Plaintiffs' counsel informed Defendant's counsel for the first time that Plaintiff Evelina "inadvertently sold her phone" and "[t]hus, text messages on her phone are not within her possession, custody, or control." (*Id.* ¶¶ 8-9; *see id.*, exh. F.) Plaintiffs' counsel later explained that Plaintiff Evelina had sold her iPhone in May 2018 and did not back up her text messages. (Stallard 1st Decl. ¶ 10.)

During a telephonic discovery hearing on October 11, 2018, Defendant's counsel raised the issue of spoliation of text messages. (*See* Dkt. No. 40 at 2.) The Court directed Plaintiffs' counsel to convey in writing to Defendant's counsel, by no later than October 19, 2018, what Plaintiff Evelina and counsel had learned from her cell phone provider regarding what data could or could not be recovered. (*Id.*) The Court also set a briefing schedule for Defendant's spoliation motion. (*Id.* at 2-3.)

On October 19, 2018, Plaintiff Evelina mailed a notarized request to Sprint, with an expected delivery date of October 22, 2018. (Declaration of Evelina Gaina ("Gaina Decl."), Dkt. No. 46-6 ¶¶ 10-11; *id.*, exh. 1 & 2.) That same day, Plaintiffs' counsel told Defendant's counsel that they were awaiting a response from Sprint regarding the records, but Sprint "can provide billed and unbilled text message details (dates, times and phone numbers), but not the content of [Plaintiff Evelina's] text messages." (Stallard 1st Decl., exh. G.) Plaintiff Evelina unsuccessfully attempted to recover text messages from her iTunes, iCloud, iPad Pro, iMac, and laptop, and she also contacted people with whom she had texted. (Gaina Decl. ¶¶ 13-14.)

On October 25, 2018, Defendant's counsel emailed Plaintiffs' counsel about the status of Sprint's response, but Plaintiffs' counsel did not reply. (*See* Stallard 1st Decl. ¶¶ 14-15; *id.*, exh. H.) During a phone call on October 31, 2018, Plaintiffs' counsel informed Defendant's counsel that Plaintiff Evelina "received some information from Sprint about something to do on the website, and she was looking into it." (Stallard 1st Decl. ¶ 15.) At 5:00 p.m., Plaintiffs' counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)   Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

confirmed that Plaintiff Evelina would be providing additional documents related to text messages. (*Id.* ¶ 16; *see id.*, exh. I.)

On November 1, 2018, Defendant's counsel deposed Plaintiff Evelina for a second time. (Stallard 1st Decl. ¶ 17.) Two hours into the deposition, Plaintiffs' counsel produced a 74-page document that contained phone numbers, dates, and times of text messages sent between April 20, 2017 and November 30, 2017. (*Id.* ¶ 18.) The document did not include the substance of any messages, but it did reveal that Plaintiff Evelina frequently sent text messages. (*See id.*) Plaintiffs' counsel also produced an email exchange between Plaintiff Evelina and Sprint, dated October 23, 2018, in which Sprint referenced that it had provided the 74-page document to her. (*Id.*) During the deposition, Plaintiffs' counsel indicated that more documents would be produced, but counsel did not provide a description of the documents or indicate their production timeline. (*See id.* ¶ 19.)

On November 2, 2018, Plaintiffs' counsel produced 164 pages of text messages between Plaintiff Evelina and her fiancé, which were heavily redacted and almost entirely unreadable. (*Id.* ¶ 20.) Plaintiffs' counsel states that these messages contain highly personal information and images. (Declaration of Jonathan Ma ("Ma Decl."), Dkt. No. 46-1 ¶ 8.)

Defendant filed this Motion on November 5, 2018. (Dkt. No. 41.)

On November 6, 2018, Plaintiff Evelina "stumbled upon" her old text messages from January 2016 to November 2017, which were synchronized to her old MacBook Pro. (Gaina Decl. ¶ 17.) She believes that these are all of the messages from that time period that could have been on her old phone. (*Id.* ¶ 20.)

Plaintiff filed an Opposition to the Motion on November 12, 2018. (Opp., Dkt. No. 46.)

Between the evening of November 12, 2018 and approximately noon on November 13, 2018, Plaintiff Evelina produced more documents to Defendant. (Second Declaration of Elizabeth B. Stallard ("Stallard 2nd Decl."), Dkt. No. 51-1 ¶ 3; *see id.* ¶¶ 4-6.) At least 1,792 pages of text messages were produced after Plaintiff Evelina hired a professional vendor to recover them from her computer. (Ma Decl. ¶ 10.) Included in this production was a less redacted, more legible version of the 164 pages of text messages originally produced on November 2, 2018. (Stallard 2nd Decl. ¶ 5.)

Defendant filed its Reply on November 15, 2018. (Reply, Dkt. No. 51.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)      Date: November 21, 2018
Title:      Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

On November 19, 2018, the Court held a hearing on the Motion. (*See* Dkt. No. 52.)

## II. **LEGAL STANDARD**

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve evidence, in pending or reasonably foreseeable litigation. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051-52 (S.D. Cal. 2015) (citing *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)). The standard of proof for spoliation in the Ninth Circuit "appears to be by a preponderance of the evidence." *Ramos v. Swatzell*, Case No. ED CV 12-1089-BRO (SPx), 2017 WL 2857253, at *5 (C.D. Cal. June 5, 2017); *see Compass Bank*, 104 F. Supp. 3d at 1052-53.

Federal Rule of Civil Procedure 37(e) governs the loss of electronically stored information. Rule 37(e) applies "[i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery." The advisory committee notes to the 2015 Amendment provide that the amended rule "forecloses reliance on inherent authority or state law to determine when certain measures should be used" for failure to preserve electronically stored information. Fed. R. Civ. P. 37(e), Committee Notes on Rules—2015 Amendment ("Committee Notes").

The common-law duty to preserve continues to apply even under Rule 37(e). *See* Committee Notes. "A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." *Compass Bank*, 104 F. Supp. 3d at 1051. This is an objective standard that asks not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation. *ILWU-PMA Welfare Plan Board of Trustees v. Connecticut General Life Insurance Co.*, No. C 15-02965 WHA, 2017 WL 345988, at *4 (N.D. Cal. Jan. 24, 2017).

To satisfy Rule 37(e), the electronically stored information must have been lost "because a party failed to take reasonable steps to preserve it." The Committee Notes advise that courts "should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)     Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

Rule 37(e) authorizes two tiers of sanctions for spoliation, both of which apply only if information should have been preserved in the anticipation or conduct of litigation, a party failed to take reasonable steps to preserve the information, information was lost as a result, and the information could not be restored or replaced by additional discovery. *See* Committee Notes.

Under Rule 37(e)(1), upon a finding of prejudice to another party from loss of the information, a court may employ measures "no greater than necessary to cure the prejudice." Rule 37(e)(1) does not place a burden of proving or disproving prejudice on one party or the other. *See* Committee Notes. Curative measures under subdivision (e)(1) must not have the effect of measures permitted under subdivision (e)(2). *Id.*

If a court finds that the spoliating party "acted with the intent to deprive another party of the information's use in the litigation," Rule 37(e)(2) permits a court to impose harsh sanctions, including presuming that the lost information was unfavorable to that party, instructing the jury that it may or must presume the information was unfavorable to that party, dismissing the action, or entering a default judgment. However, finding an intent to deprive does not require a court to adopt any of the measures listed in subdivision (e)(2). *Id.* "Rule 37(e) intentionally leaves to the court's discretion exactly what measures are necessary." *Matthew Enter., Inc. v. Chrysler Grp. LLC*, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016).

Rule 37(e)(2) does not prohibit a court from allowing the parties, as a measure under subdivision (e)(1), to present evidence to the jury concerning the loss and likely relevance of information and instructing the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision. *See* Committee Notes.

### III. DISCUSSION

#### A. Applicability of Rule 37(e)

##### 1. Electronically Stored Information

Defendant sought text messages that were sent or received by Plaintiff Evelina from January 9, 2016 through November 20, 2017. (*See* Dkt. No. 41-1 at 5.) The contents of the text messages were electronically stored on cellular phones. The Court will therefore apply Rule 37(e) to this evidence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-00177-DMG (RAOx) | Date: | November 21, 2018 |
| Title: | Monica Gaina, et al. v. Northridge Hospital Medical Center, et al. | | |

      2.      <u>Lost and Cannot be Restored or Replaced</u>

Plaintiff Evelina eventually recovered and produced text messages dated from December 31, 2015 through the end of January 2016, and from September 19, 2016 through September 2, 2017. (*See* Stallard 2nd Decl. ¶ 4.) However, it is not disputed that Plaintiff Evelina has not produced text messages from February 2016 through September 18, 2016 and from September 3, 2017 through November 20, 2017. Accordingly, these text messages are now "lost" for the purposes of Rule 37(e).

The Court finds that Rule 37(e)'s requirement that the electronically stored information "cannot be restored or replaced through additional discovery" is satisfied for the periods of February 2016 through September 18, 2016 and September 3, 2017 through November 20, 2017. Plaintiff Evelina asserts that the recovered and produced messages are all of the messages from the relevant time period that are within her possession, custody, or control. (*See* Gaina Decl. ¶¶ 19-20.) As such, no additional restoration or replacement appears possible.

      3.      <u>Duty to Preserve</u>

It is not disputed that Plaintiff Evelina had a duty to preserve relevant evidence. (*See* Opp. at 5 ("Evelina was aware of her duty to preserve evidence . . . .").) It is also not disputed that Plaintiff Evelina sold her iPhone in May 2018, several months after filing her complaint. (*See id.*; Ma Decl., exh. C at 11.)

The Court finds that the text messages at issue constitute relevant evidence that should have been preserved under Rule 37(e). The text messages were sent or received by Plaintiff Evelina, who was born deaf and communicates through sign language and written communication. (*See* Gaina Decl. ¶¶ 2-4.) Defendant contends that in a case that is about communication, Plaintiff Evelina's communications, including text messages, are central to the case. (Dkt. No. 41-1 at 10.) Defendant further contends that text messages likely would have contained "information relevant to Evelina's emotional state; whether she understood the communications at the hospital; and whether she was even present at the hospital during the time frames in which she alleges she was denied effective communication." (Dkt. No. 41-1 at 3.)

Plaintiff Evelina states that she did not believe that text messages would be relevant evidence "because text messaging is the way she communicates with friends and family, and not people at the hospital." (*Id.*; *see* Ma Decl., exh. C at 15-17 (partial transcript of Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)      Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

Evelina's November 1 deposition).[3]) The Court finds that this contention is undermined by at least some of the produced text messages. For example, Defendant provides a copy of messages that reveal Plaintiff Evelina's presence at the hospital, discuss the provision of interpreter services, and indicate that someone will text Plaintiff Evelina when an interpreter arrives. (*See* Stallard 2nd Decl., exh. B.) As this demonstrates that at least some text messages are highly relevant to Plaintiff Evelina's claims, the Court determines that she had a clear duty to preserve them along with any other relevant evidence.

         4.      Reasonable Steps to Preserve

Although many of Plaintiff Evelina's text messages were ultimately found backed up on her computer, it appears that this occurred fortuitously, rather than being an intentional attempt to preserve potential evidence before disposing of the phone. There is no indication that Plaintiff Evelina or her counsel intentionally backed up, imaged, or otherwise preserved the contents of the phone before it was sold. (*See* Stallard 1st Decl., exh. F.) Given the delay in discovering and producing the messages that were backed up on Plaintiff Evelina's old computer, it is not apparent that Plaintiff Evelina intentionally and knowingly backed up her text messages there to preserve them. Accordingly, the Court finds that reasonable steps were not taken to preserve the text messages on Plaintiff Evelina's iPhone before she sold it.

     **B.**      **Sanctions**

The spoliation analysis next turns to whether sanctions are warranted, and, if so, the severity of the measures. The harsh sanctions pursuant to Rule 37(e)(2) are available only upon a finding that Plaintiff Evelina acted with the intent to deprive Defendant of its use of the information in the litigation, while only a finding of prejudice to Defendant from loss of the information is required for the Court to order measures "no greater than necessary to cure the prejudice" under Rule 37(e)(1).

         1.      Rule 37(e)(2) Sanctions

Defendant argues that Plaintiff Evelina's conduct demonstrated an intent to deprive Defendant of relevant evidence. (*See* Dkt. No. 41-1 at 12-13.) Specifically, Defendant notes that Plaintiff Evelina disposed of her iPhone after litigation began, failed to back up her data, and

---

[3] Because the transcript contains two different sets of printed page numbers, the Court cites this exhibit using the page numbers automatically generated by the Court's electronic docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 18-00177-DMG (RAOx)      Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

provided misleading responses to Defendant's discovery requests. (*Id.* at 12.) Defendant contends that the timing of the initial partial production—on the eve of a spoliation motion—suggests bad faith. (*Id.*; *see* Reply at 1.)

Plaintiff Evelina contends that she sold her iPhone after 27 months, in the usual practice of upgrading to a new phone with a better camera. (*See* Opp. at 8, 16.) After the issue of spoliation came before the Court, Plaintiff Evelina contacted her service provider, attempted to recover her text messages from her other devices and applications, and contacted people with whom she had texted. (Gaina Decl. ¶¶ 9-10, 13-14.) Plaintiff Evelina asserts that she has "never intended to destroy, conceal, or hide any evidence in this case." (*Id.* ¶ 16.) Plaintiff Evelina also expressed that she is willing to verify the recovered text messages and be deposed again about them. (*Id.* ¶¶ 22-23.)

Defendant was not informed that text messages had been lost or destroyed until over two months after it served its discovery request, and Plaintiff Evelina's recovery efforts do not appear to have begun until after the issue of spoliation came before the Court. Production of the recovered text messages was not completed before the close of fact discovery. Nevertheless, the voluminous production of some text messages demonstrates a good faith attempt to eventually recover and produce the requested documents.

The Court determines that there is insufficient evidence to find that Plaintiff Evelina had the requisite intent to deprive Defendant of the use of her text messages, and thus the severe sanctions that may be imposed under Rule 37(e)(2) are not warranted.

The Court therefore **DENIES** Defendant's request for an adverse jury instruction or other evidentiary sanctions.

        2.     Rule 37(e)(1) Sanctions

Because the Court declines to find that the harsh sanctions under Rule 37(e)(2) are warranted at this time, the Court turns to whether less severe measures under Rule 37(e)(1) are necessary to cure any prejudice to Defendant from the loss of the evidence at issue.

        a.     *Prejudice*

Defendant argues that it has been prejudiced by the loss of text messages because Plaintiff Evelina is a "prodigious texter" who may send and receive upwards of 70 text messages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-00177-DMG (RAOx) | Date: | November 21, 2018 |
| Title: | Monica Gaina, et al. v. Northridge Hospital Medical Center, et al. | | |

a day. (Dkt. No. 41-1 at 3.) According to Defendant, "[t]hese contemporaneous exchanges, many of which were with [Plaintiff] Monica, who is now deceased, are irreplaceable." (*Id.*) Defendant contends that it has been deprived of information about Plaintiff Evelina's emotional state, whether she understood communications at the hospital, and whether she was present at the hospital during the alleged time periods. (*Id.*)

Defendant also notes that Plaintiff Evelina was aware that Defendant intended to ask her about text messages during her November 1, 2018 continued deposition. (*Id.* at 3-4.) Despite Plaintiff Evelina having some information, she did not produce it sufficiently in advance for Defendant to use it during that deposition. (*Id.*) As a result, Defendant requires a second continued deposition of Plaintiff Evelina. (*Id.* at 4; Reply at 3.)

Plaintiff Evelina contends that Defendant has not been prejudiced because the most important communications in this case were between Plaintiff Evelina, Plaintiff Monica, and Defendant's staff. (*See* Opp. at 16-18.) Plaintiff Evelina states that to the best of her knowledge, she never exchanged text messages with any of Defendant's doctors, nurses, or staff, and while at Defendant's hospital, Plaintiff Evelina and Plaintiff Monica used pen and paper to communicate with Defendant. (*Id.*) The Court finds this argument unpersuasive. The relevance of the text messages includes potential information conveyed to others about Plaintiff Evelina's presence at the hospital during the relevant times, contemporaneous statements during Plaintiff Evelina's visits to the hospital, and information about her emotional state. As previously discussed, one such text message conversation has already been recovered. (*See* Stallard 2nd Decl., exh. B.)

Plaintiff Evelina also contends that Defendant was not prejudiced by the loss of communications between Plaintiff Evelina and Plaintiff Monica. (*Id.* at 19.) Plaintiff Evelina argues that Defendant could have deposed Plaintiff Monica before her death. (*Id.*) Plaintiff Evelina also notes that before Plaintiff Monica passed away, she was in deteriorating health and "Defendant would not have been able to examine her under those circumstances." (*Id.*) The Court finds that this argument in fact strengthens the showing of prejudice: Plaintiff Monica's inability to be deposed before her death in March 2018 suggests more severe prejudice to Defendant and a heightened duty to preserve Plaintiff Monica's existing prior communications.

The Court finds that Defendant has suffered and will continue to suffer prejudice from the loss of the text messages. Defendant has already been prejudiced in having had to conduct depositions and other discovery without this potentially relevant evidence. In addition,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: CV 18-00177-DMG (RAOx)      Date: November 21, 2018
Title: Monica Gaina, et al. v. Northridge Hospital Medical Center, et al.

Defendant will be prejudiced at summary judgment and at trial by not being able to present or rely on the contents of these text messages.

           b.      *Appropriate Sanctions to Cure the Prejudice*

Defendant requests as sanctions its reasonable attorney's fees and costs incurred in connection with preparing its Motion and continuing Plaintiff Evelina's deposition.[4] (Dkt. No. 41-1 at 15.)

Plaintiff Evelina contends that sanctions are not appropriate. (*See* Opp. at 19-20.)

In assessing appropriate sanctions, the Court has carefully considered the prejudice to Defendant from the loss of the text messages at issue and finds that monetary sanctions should be imposed. The Court therefore orders Plaintiffs' counsel Kirkland and Ellis LLP to pay monetary sanctions in the form of reasonable attorneys' fees incurred by Defendant in bringing its Motion. The Court also orders Plaintiffs' counsel to pay monetary sanctions in the form of reasonable attorneys' fees and costs incurred in connection with Plaintiff Evelina's continued deposition on November 1, 2018 and November 19, 2018.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's Motion for Sanctions. Defendant's counsel shall submit a declaration of reasonable fees and costs associated with its Motion, including counsel's appearance at the November 19, 2018 hearing, as well as for the continued depositions of Plaintiff Evelina on November 1, 2018 and November 19, 2018. Defendant shall file this declaration by December 3, 2018. Plaintiffs' counsel may file a response within 7 days of service of Defendant's declaration.

**IT IS SO ORDERED.**

                                                   Initials of Preparer      dl

---

[4] Defendant also requests an adverse jury instruction or a jury instruction informing the jury of Plaintiff Evelina's discovery conduct and the prejudice it caused to Defendant. (Reply at 16.) As discussed above, the Court does not find that Plaintiff Evelina acted with the requisite intent to deprive that would warrant such sanctions.